# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JOSEPH LEONE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5063 |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                                         **NOVEMBER 12 , 2019**

      *Pro se* Plaintiff Robert Joseph Leone brought this employment discrimination action under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12112-12117, against his employer, Defendant National Railroad Passenger Corporation (doing business as Amtrak), as well as an Assistant Superintendent with Amtrak, Chuck Eckhart. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Attorney (ECF No. 4). For the following reasons, the Court will grant Leone leave to proceed *in forma pauperis*, dismiss his Complaint with leave to amend, and deny his Motion for Appointment of Attorney at this time.

## I.    FACTS

      Leone brought the instant civil action on October 29, 2019 using this Court's form complaint for a plaintiff filing an employment discrimination suit. As noted above, Leone asserts that he is pursuing claims pursuant to the ADA. (ECF No. 2 at 1.)[1] By marking an "x" in the appropriate locations on the form, Leone asserts that Defendants discriminated against him

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

by terminating his employment, failing to promote him, failing to stop harassment, and retaliating against him. (*Id.* at 2-3.) The form complaint next asks Leone to provide the facts of his case. Rather than set forth specific factual allegations regarding the events giving rise to Leone's claims of discrimination, harassment, and retaliation, Leone simply directs the Court to "[p]lease see [the] Attached Documents[.]" (*Id.* at 3.) The next 54 pages are a collection of various materials relating to Leon's claims. For example, Leone attached a March 9, 2019 letter that he sent to the Philadelphia District Office of the Equal Employment Opportunity Commission ("EEOC"). (*See* ECF No. 2 at 4-6.) The March 9, 2019 letter includes 7 "Exhibits" that contain multiple, lengthy email chains between Leone and several individuals employed by Amtrak, as well as written correspondence between Amtrak and Leone's health insurance company, a "For Return to Work Only" form, an Amtrak job posting, correspondence and emails from a member of Amtrak's Reasonable Accommodation Panel, and screenshots of internal Amtrak emails and time clock entries. (*See id.* at 7-52.) Leone also included a copy of his Notice of Right to Sue Letter dated September 11, 2019 from the EEOC, as well as a copy of his original Charge of Discrimination ("COD") filed on August 7, 2018. (*Id.* at 54-56).

It is challenging for the Court to process a Complaint based almost exclusively on voluminous attached documents and exhibits, rather than simple, precise, and direct allegations in numbered paragraphs as contemplated by the Federal Rules of Civil Procedure. However, the Court has reviewed these documents in an attempt to understand the events that give rise to Leone's potential claims. From a review of these documents, it appears to the Court that Leone filed a COD with the EEOC accusing Defendants of discriminating against him on the basis of

his disability[2] by eliminating his position as a Sheet Metal Technician while he was out sick on FMLA leave and then returning him to a lower paying position as a Journeyman when he came back to work. (*Id.* at 55.) In the COD, Leone also claims discrimination based on Eckhart's refusal to provide "refresher training" when Leone returned to work. (*Id.*) Leone's COD also asserts that he was discriminated and retaliated against based on his request for a workplace accommodation to attend needed appointments related to his disability. (*Id.*) It appears Leone bases this claim on comments made by Eckhart and the withdrawal of an announcement for the Sheet Metal Technician position posting once Eckhart learned of Leone's accommodation. (*Id.* at 56-57.) Finally, Leone's COD also asserts that Eckhart retaliated against Leone by initiating an investigation into the propriety of Leone's attendance at an internal job interview. (*Id.* at 57.) Leone claims the reason Eckhart retaliated is because Leone brought an internal complaint against Eckhart with Amtrak's Employee Hotline regarding Eckhart's disability-based discrimination. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Leone leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is obligated to screen the Complaint to determine, among other things, whether it is frivolous, malicious, or fails to state a claim. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under § 1915(e)(2)(B)(i)'s maliciousness

---

[2] Although Leone does not specify the nature of his disability in the Charge of Discrimination filed with the EEOC, a review of the emails submitted by Leone suggest that the nature of his disability relates to possible anxiety issues, Post Traumatic Stress Disorder, and depression. (ECF No. 2 at 10-12.)

3

prong, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Leone is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Although the allegations are to be construed liberally, a *pro se* litigant is not excused from complying with the Federal Rules of Civil Procedure. *Lynn v. Sec'y, Dep't of Def.*, 431 F. App'x 147, 150 (3d Cir. 2011).

## III. DISCUSSION

It is difficult for the Court to fulfill its statutory obligation to screen Leone's Complaint pursuant to § 1915(e)(2)(B) because Leone has not complied with Federal Rule of Civil Procedure 8. As the Third Circuit recently explained, at its core, Rule 8 fundamentally "requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, at 83 (2007)). "Rule 8 imposes 'minimal burdens on the plaintiff at the pleading

stage.'" *Garrett*, 938 F.3d at 92 (citing *Frazier v. Se. Pa. Transp. Auth.*, 785 F.2d 65, 67 (3d Cir. 1986)). For example, "[u]nder Rule 8(a)(2), a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(a)(2)). Rule 8(d)(1) further requires "that '[e]ach allegation must be simple, concise, and direct.'" *Garrett*, 938 F.3d at 92 (citing Fed. R. Civ. P. 8(d)(1)). Although a pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue[,]" *see id.* at 93-94, the important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017)) (quotations omitted).

In the absence of simple, concise, and direct allegations that, in combination, create a short and plain statement showing that the plaintiff is entitled to relief, courts are inclined to dismiss a pleading with leave to amend especially where the pleading merely refers the court to a series of exhibits or attached documents. *See, e.g.*, *Jacoby v. City of Madison*, Civ. A. No. 09-321, 2009 WL 1615527, at *1-2 (W.D. Wis. June 9, 2009) (holding that "plaintiff's complaint cannot be a reference to attached documents[,]" which violates Rule 8, and dismissing with leave to amend where the complaint contained only a "single statement" instructing the court to "'[l]ook through all these papers and ask why . . . [I] wasn't con[s]idered for . . . this . . . position I feel I was qualif[i]ed for.'"); *Broughton v. City of Jacksonville*, Civ. A. No. 06-234, 2006 WL 8439288, at *1-2 (M.D. Fla. Apr. 10, 2006) (concluding that the court was unable to screen *pro*

*se* plaintiff's claims pursuant to § 1915(e)(2) where he filed a document with only a single sentence requesting counsel and then attached various exhibits because "[t]he filing of this set of documents fails to comply with Rule 8(a)" but granting leave to amend to cure the pleading deficiency); *cf. DiGenova v. Unite Here Local 274*, 673 F. App'x 258, 260 (3d Cir. 2016) (per curiam) (affirming district court's dismissal of plaintiff's amended complaint and finding that "[t]he documents that DiGenova submitted as his amended complaint do not contain a 'short and plain statement' of any claim, Fed. R. Civ. P. 8(a)(2), and DiGenova's allegations are not 'simple, concise, and direct,' Fed. R. Civ. P. 8(d)(1)."); *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (per curiam) ("[Plaintiff's] voluminous exhibits, do not, without the required 'short and plain statement,' communicate the nature of his claim, and would, in any event, be insufficient to satisfy Rule 8(a).").

In this instance, Leon's Complaint fails to meet the minimal burdens imposed by Rule 8 because, rather than setting forth a short and plain statement of the claim showing he is entitled to relief, Leone simply instructs the Court to "[p]lease see [the] Attached Documents." (ECF No. 2 at 3.) Referring the Court to a lengthy series of attached documents and imposing the burden upon the Court (and Defendants) to sift through the documents and speculate as to the specific claims Leone seeks to brings in this case falls far short of setting forth allegations that are simple, concise, and direct as required by Rule 8(d)(1). Here, the Court understands the Complaint to be based on the charge that Leone filed with the EEOC in August 2018, but the Complaint itself merely cobbles together numerous documents which makes it difficult for the Defendants to meaningfully respond to his pleading and for the Court to properly screen his Complaint in accordance with § 1915(e)(2)(B).

Leone will be given an opportunity to file an amended complaint within thirty days that sets forth factual averments in numbered paragraphs to which the Defendants can respond as envisioned by the Federal Rules of Civil Procedure. Leone may use the Court's form complaint for filing an employment discrimination case if he chooses to do so and may attach as many additional pages as necessary to articulate his claims and numbered allegations. He should not rely exclusively on attached exhibits to state the basis for his claims, and in fact, he need not file any supporting documentation with his amended complaint. *See Young v. Demehick*, 363 F. App'x 156, 158 (3d Cir. 2010) (per curiam) ("The District Court correctly stated that Young's submission of a multitude of documents in support of his complaint did not comply with its order to file an amended complaint").

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Leone leave to proceed *in forma pauperis* and dismiss his Complaint. This dismissal will be without prejudice to Leone's right to file an amended complaint in the event he can cure the defects noted above. Leone's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). He may reassert that motion if he files an amended complaint. An appropriate Order follows.